# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**DERRECT DIXON**  PETITIONER
ADC #172460

### CASE NO. 4:20-CV-1402-BD

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction**  RESPONDENT

## ORDER

**I.   Background:**

On February 6, 2019, Petitioner Derrect Dixon pleaded guilty in White County Circuit Court to one count of second-degree domestic battery. (Doc. No. 9-3) On February 12, 2019, the trial court sentenced him to a term of 84 months in the Arkansas Division of Correction (ADC). (Doc. No. 9-1)

On September 16, 2019, Mr. Dixon filed a "Motion for Transcript for Rule 37 Proceedings" with the trial court. (Doc. No. 9-2) In that motion,[1] Mr. Dixon sought a copy of his plea proceedings. He attached a letter to the motion claiming that he was tricked into signing the plea agreement, that he was denied his right to a fair trial, and that he was denied his right to appeal.

On November 27, 2020, Mr. Dixon filed a *pro se* petition for post-conviction relief with this Court. (Doc. No. 1) Because the petition was directed to the White County

---

[1] See *State v. Derrect Dixon*, 73CR-18-652 (White County Circuit Court), Case information publicly available at "CourtConnect" on the Arkansas Judiciary's homepage, https://caseinfo.arcourts.gov/cconnect/ (last accessed March 12, 2021).

Circuit Court seeking relief under Rule 37.1 of the Arkansas Rules of Civil Procedure, the Court directed Mr. Dixon to amend his petition to state a claim for federal habeas relief or, in the alternative, to file his petition with the appropriate state court. (Doc. No. 2)

Mr. Dixon filed an amended petition on December 16, 2020. (Doc. No. 4) In the amended petition, he claims that he was denied constitutional rights: his right to a jury trial; his due process rights when his signature on the guilty plea was obtained in a malicious way; and his right to appeal.

Director Payne responded to the petition (Doc. No. 9); and Mr. Dixon has replied (Doc. No. 10).[2] Director Payne contends that Mr. Dixon's petition is barred by the applicable statute of limitations or, alternatively, that his claims are waived by his guilty plea.

## II.   Discussion:

### A.  *Statute of Limitations*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year limitations period for a state prisoner to file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1)(A). For most habeas cases, the limitations period begins to run from the latter of, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time limit for seeking such review." *Id.*

---

[2] The parties consented to proceed before a magistrate judge. (Doc. No. 8)

Judgment was entered against Mr. Dixon on February 12, 2019. Because Mr. Dixon pleaded guilty, the federal one-year limitations period began to run on March 15, 2019, the day after his judgment was deemed final. See *Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015) (for Arkansas defendants who enter unconditional guilty pleas, the judgment is deemed final thirty days from entry of the judgment). He had until Monday, March 16, 2020 to file a federal habeas corpus petition.

Mr. Dixon did not file his federal petition until November 27, 2020, over 8 months after the statute of limitations expired. Unless the Court determines that Mr. Dixon is entitled to statutory or equitable tolling, this § 2254 action is untimely.

B.  *Statutory Tolling*

The AEDPA provides for tolling during the pendency of a "*properly filed* application for state post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2) (emphasis added). Assuming that the pending September 16, 2019 transcript motion is a state petition for post-conviction relief, the statute of limitations was not tolled because the petition was not "properly filed."

When a post-conviction petition is untimely under state law, the petition is not "properly filed" under the AEDPA. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005). Arkansas allows a defendant 90 days from the entry of judgment to file a petition for post-conviction relief. ARK. R. CRIM. P. 37.2. Mr. Dixon did not seek Rule 37 relief until

September 16, 2019—more than four months after the state deadline. Because his Rule 37 request was untimely, it did not pause the federal habeas clock.[3]

    C.  *Equitable Tolling*

The limitations period may be equitably tolled if Mr. Dixon is able to show that he pursued his rights diligently and that some extraordinary circumstances stood in his way to prevent a timely filing. *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). "The burden of demonstrating grounds warranting equitable tolling rests with the petitioner." *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Here, Mr. Dixon asks that his delinquent filing be excused because he does not know legal procedures. He further states that he has been trying to learn the correct procedures since May of 2019. Typically, a petitioner's *pro se* status, lack of legal knowledge or legal resources, and confusion about, or miscalculation of, the limitations period are not deemed extraordinary circumstances that warrant equitable tolling. See *Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012) (holding that petitioner's *pro se* status or lack of understanding of post-conviction rules does not justify equitable tolling); see also *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004). Mr. Dixon is not entitled to equitable tolling based on his lack of legal knowledge.

---

[3] Even if the state court ultimately reaches the merits of Mr. Dixon's pending motion, it would still not be considered a properly filed petition for purposes of the AEDPA. See *Lewis v. Norris*, 454 F.3d 778, 780 (8th Cir. 2006) (federal courts should "determine independently whether state proceedings are timely, even if state courts treat them as such.").

Mr. Dixon's federal habeas petition is untimely; he provides no compelling basis for tolling the statute of limitations; and he does not allege actual innocence. Accordingly, his petition for habeas relief is denied.[4]

### III. Certificate of Appealability:

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court can issue a certificate of appealability only if Mr. Dixon has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)–(2). In this case, Mr. Dixon has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability is denied.

### IV. Conclusion:

Mr. Dixon's petition is time-barred. His petition for writ of habeas corpus (Doc. No. 1) and amended petition for writ of habeas corpus (Doc. No. 4) are, therefore, DISMISSED with prejudice. No certificate of appealability will be issued.

SO ORDERED, this 15th day of March, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] Because Mr. Dixon's petition is barred by the applicable statute of limitations, it is unnecessary to address the issue of waiver by guilty plea.